**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3746-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

AUBERTO EGIPCIACO,

     Defendant-Appellant.

_____

          Submitted January 9, 2019 – Decided January 30, 2019

          Before Judges Nugent and Mawla.

          On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 01-04-1277.

          Auberto Egipciaco, appellant pro se.

          Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

     Defendant, Auberto Egipciaco, appeals from an order that denied his second petition for post-conviction relief. We affirm.

In 2003, a jury found defendant guilty of committing the following crimes during a violent home invasion: three counts of first-degree armed robbery, N.J.S.A. 2C:15–1; third-degree aggravated assault, N.J.S.A. 2C:12–1(b)(2); second-degree burglary, N.J.S.A. 2C:18–2; two counts of endangering the welfare of a child, N.J.S.A. 2C:24–4(a); two counts of fourth-degree aggravated assault, N.J.S.A. 2C:12–1(b)(4); and three counts of third-degree criminal restraint, N.J.S.A. 2C:13–2(a). On June 24, 2003, the trial judge sentenced defendant to an aggregate term of sixty-five years with approximately thirty years of parole ineligibility.

We affirmed defendant's conviction on his direct appeal but remanded for re-sentencing pursuant to State v. Natale, 184 N.J. 458 (2005). State v. Egipciaco, No. A-0827-03 (App. Div. Feb. 7, 2006) (slip op. at 19-20), certif. denied, 188 N.J. 270 (2006). On April 28, 2006, he was re-sentenced to the same term. We affirmed the sentence on an excessive sentence oral argument calendar on July 24, 2007, and the Supreme Court denied certification. State v. Egipciaco, 193 N.J. 221 (2007).

While his direct appeal was pending, defendant filed a PCR petition on September 29, 2006. Apparently, that petition was dismissed without prejudice and was re-filed after defendant's direct appeals had been denied. The judge

who presided over defendant's trial also presided over the evidentiary hearing on defendant's first PCR petition. The judge denied it. We affirmed State v. Egipciaco, No. A-3812-09, (App. Div. Sept. 26, 2011), and the Supreme Court denied certification, 210 N.J. 109 (2012).

Defendant next filed a Petition for a writ of Habeus Corpus, which was denied. Egipciaco v. Warren, Civil Action No. 12-4718, 2015 U.S. Dist. Lexis 22453 (D.N.J. Feb. 25, 2015). The Third Circuit Court of Appeals denied defendant's application for a certificate of appealability. Egipciaco v. Warren, C.A. 15-15-1772 (3rd Cir. Oct. 21, 2015). Defendant filed a Motion for Relief from Judgment, and the District Court denied the motion. Egipciaco v. Warren, Civil No. 12-4718, 2016 U.S. Dist. Lexis 99131 (D.N.J. Jul. 28, 2016). The Third Circuit denied defendant's application for a certificate of appealability. Egipciaco v. Adm'r N.J. State Prison, No. 16-3532 (3d Cir. Dec. 5, 2016).

Two months later, on February 8, 2017, defendant filed this "Motion to Correct Illegal Sentence." The trial court determined the motion was defendant's second PCR petition. In an April 3, 2017 written opinion, the trial court denied the petition.

On appeal, defendant argues:

POINT 1

THE DEFENDANT'S PERSISTENT OFFENDER SENTENCE OF 65 YEARS WITH A 29 YEARS PAROLE BAR IS MANIFESTLY EXCESSIVE, UNDULY PUNITIVE AND NOT IN CONFORMANCE WITH THE CODE OF CRIMINAL JUSTICE, THE SENTENCE IMPOSED VIOLATED THE DEFENDANT'S RIGHT TO A TRIAL BY A JURY UNDER <u>APPRENDI v. NEW JERSEY</u>.

POINT 2

THE DEFENDANT'S SENTENCE IS EXCESSIVE[.] DEFENDANT WAS DEPRIVED OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL BECAUSE DESPITE EVIDENCE HIS MENTAL STATE HAD DECLINED SINCE THE OUTSET OF THE TRIAL, THE TRIAL COURT FAILED TO REEVALUATE DEFENDANT'S COMPETENCE (Not Raised Below).

POINT 3

THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR BY PERMITTING TESTIMONY FROM JAIL HOUSE INFORMATION UNDER THE "HEARSAY EXCEPTION["] WHICH INCULPATED THE DEFENDANT['S] SIXTH AMENDMENT CONFRONTATION RIGHTS WERE VIOLATED ALONG WITH HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL. [sic] THIS IS GROUND FOR MISTRIAL.

POINT 4

DEFENDANT'S CONVICTIONS MUST BE REVERSED AS THE VERDICT WAS AGAINST

4

THE WEIGHT OF THE EVIDENCE. (Not Raised Below)

POINT 5

DEFENDANT RECEIVED A DISPARATE SENTENCE AS COMPARED TO [CO]-DEFENDANT'S RENDERING HIS SENTENCE AS ILLEGAL FOR UNDERMINING FAIRNESS AND PUBLIC CONFIDENCE. MR. EGIPCIACO WAS CHARGED WITH THE GRAVES ACT — DEFENDANT WILLIAM WAS NOT. THE COURT GAVE FAVORABLE JURY INSTRUCTIONS TO MR. REYES THAN EGIPCIACO, CO-DEFENDANT SENTENCE WAS CREATING DISPARITY. [sic]

POINT 6

THE COURT ERRED IN NOT GRANTING APPELLANT JAIL CREDITS. APPELLANT IS ENTITLE[D] TO RECEIVE [H]IS FULL JAIL CREDITS NOT GIV[EN] TO HIM DURING HIS DETENTION UP UNTIL [H]IS SENTENCING.

We have considered defendant's arguments in light of the extensive record and applicable legal principles and found his arguments to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add only that defendant's application, if construed as a second PCR petition, was untimely, as it was not filed within one year of the date of denial of his first petition, Rule 3:22-12 (a)(2), and falls within none of the rule's other provisions. In any event, the challenges defendant mounts to his sentence in his first, second,

and fifth points fail because we have previously considered and rejected defendant's challenge to his sentence.

Contrary to defendant's arguments in points three and four, and as detailed in our opinion affirming defendant's convictions on direct appeal, <u>Egipciaco</u>, No. A-0827-03 (slip op. at 3-6), the State's abundant evidence amply supported the jury's verdict and rendered harmless any error concerning the witness defendant now labels "a jailhouse informant."

Finally, contrary to defendant's argument, the original judgment of conviction includes 175 days of jail credit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3746-16T1